IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T.M. and S.M., Individually and as Parents and Natural Guardians of J.M., a minor; AND J.M., minor child of T.M. and S.M., | : : : : | No. 3:24cv1465 |
| **Plaintiffs** | : | (Judge Munley) |
| v. | : | |
| EAST STROUDSBURG AREA SCHOOL DISTRICT; COLONIAL INTERMEDIATE UNIT 20; WILLIAM RIKER, Superintendent, East Stroudsburg Area School District; JENNIFER MORIARTY, Principal, Colonial Intermediate Unit 20; DAMARIS ROBINS, Transportation Director, East Stroudsburg Area School District; AND RUDOLPH PARCIASEPE, | : : : : : : : : : : : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this ____ day of December 2025, for the reasons set forth in an accompanying memorandum, it is hereby **ORDERED** as follows:

1) Defendants' motion to dismiss plaintiff's amended complaint, (Doc. 15), is **GRANTED** in part and **DENIED** in part;

2) As to Count I, plaintiffs' equal protection claims, the motion is **GRANTED** and the equal protection claims against all defendants are **DISMISSED** without prejudice;

3) As for Count I, plaintiffs' due process claims, the motion is **GRANTED** in part and **DENIED** in part;

   a. The motion is **GRANTED** as to Defendants William Riker, Jennifer Moriarty, Colonial Intermediate Unit 20 ("CIU20"), and East Stroudsburg Area School District ("ESASD") and the due process claims against these defendants are **DISMISSED** without prejudice;

   b. The motion is **DENIED** as to plaintiffs' due process claims against Defendants Damaris Robins and Rudolph Parciasepe;

4) As for Count II, plaintiffs' claims under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"), the motion is **GRANTED** in part and **DENIED** in part;

   a. The motion is **GRANTED** as to Defendants Moriarty, Riker, Robins, Parciasepe, and CIU20 and the Section 504 claims against these defendants are **DISMISSED** without prejudice;

   b. The motion is **DENIED** as to plaintiffs' Section 504 claims against Defendant ESASD;

5) As for Count III, plaintiffs' claims for intentional infliction of emotional distress ("IIED"), the motion to dismiss is **GRANTED** and plaintiffs' IIED claims against Defendants ESASD, Robins, and Parciasepe (the only defendants named in Count III) are **DISMISSED** with prejudice;

6) As for Count IV, plaintiffs' negligence claims, the motion to dismiss is **GRANTED** in part and **DENIED** in part;

   a. The motion is **GRANTED** as to Defendant CIU20 and the negligence claim against this defendant is **DISMISSED** without prejudice;

   b. The motion is **DENIED** as to plaintiffs' negligence claims against Defendants ESASD, Robins, and Parciasepe, the remaining defendants named in Count IV;

   c. The motion to dismiss plaintiffs' request for damages for J.M.'s pain and suffering is **DENIED**;

7) Plaintiffs may file a second amended complaint within fourteen (14) days of the date of this order regarding the claims dismissed without prejudice above;

8) If plaintiffs fail to file a second amended complaint within the timeframe provided, all claims against Defendants CIU20, William Riker, and Jennifer Moriarty will be dismissed with prejudice and these defendants will be terminated from this action;

9) If plaintiffs fail to file a second amended complaint within the timeframe provided, the claims dismissed without prejudice above will be converted to dismissals with prejudice and this case will proceed

based upon the remaining claims in the amended complaint as asserted against the remaining defendants; and

10) Defendants shall respond to the second amended complaint within fourteen (14) days of the date of the filing of the second amended complaint or, in the absence of a second amended complaint, within fourteen (14) days of the court formalizing the dismissals with prejudice in a separate order.

BY THE COURT:

_____
JUDGE JULIA K. MUNLEY
United States District Court